# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD TYLER PARKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Act. No. 1:18-cv-157-TFM-N |
| | ) |
| **EDGAR FRANK SULLIVAN,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the court is a Pro Tanto *Stipulation for Dismissal with Prejudice* (Doc. 45, filed 3/13/19), in which the parties jointly stipulate to the dismissal with prejudice of all Plaintiff's claims against Defendant Edgar Frank Sullivan ("Sullivan") based on a settlement reached between Plaintiff and Sullivan. The parties note that the stipulation does not affect Plaintiff's pending claims against the other defendants. The document specifically seeks dismissal of the stated claims "pursuant to FRCP 41(a)(ii)." It is unclear from that citation the specific subsection of Federal Rule of Civil Procedure 41(a) under which the parties seek dismissal of the claims against Sullivan.

Rule 41(a)(1)(A) states in relevant part that the "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). Alternatively, Rule 41(a)(2) provides that "an action may be dismissed at plaintiff's request … by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). In both cases, a dismissal is considered without prejudice unless stated otherwise. FED. R. CIV. P. 41(a)(1)(B), (a)(2). Moreover, the Eleventh Circuit has determined

that, although Rule 41(a) speaks of dismissing an "action" rather than individual claims, the rule "allows a plaintiff to dismiss all of his claims against a particular defendant …." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004).

The defendants in this case already have filed answers, and thus, dismissal is not available under Rule 41(a)(1)(A)(i). Moreover, Sullivan has filed a stipulation of dismissal signed by all the parties. Therefore, it appears the parties may intend to dismiss under Rule 41(a)(1)(A)(ii). Nevertheless, the stipulation also complies with the requirements for seeking dismissal under Rule 41(a)(2). Accordingly, the Court construes the filing as a motion to dismiss all of the claims against Sullivan under Rule 41(a)(2). *See Plain Growers, Inc., ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

The parties' joint motion is **GRANTED**. All claims against Sullivan are hereby **DISMISSED WITH PREJUDICE** and Sullivan is **DISMISSED** as a defendant in this case.

**DONE and ORDERED** this 18th day of March 2019.

    /s/ Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES DISTRICT JUDGE