# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD TYLER PARKER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**GEICO GENERAL INSURANCE** )<br>**COMPANY,** *et al.*, )<br>)<br>Defendants. ) | Civil Act. No. 1:18-cv-157-TFM-N |

## **ORDER**

Pending before the Court are two separate requests for dismissal, each filed by a defendant in this case: (1) a *Stipulation for Dismissal of Claims Against the Defendant, Fairhope Lodge No. 1879, Benevolent and Protective Order of the Elks of the United States of America* ("Fairhope Lodge") (Doc. 55, filed 6/18/19), and (2) a *Joint Stipulation for Dismissal of Claims Against the Defendant GEICO General Insurance Company* ("GEICO") (Doc. 56, filed 6/18/10).

Federal Rule of Civil Procedure 41(a)(1)(A) states, in relevant part, that the "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). Alternatively, Rule 41(a)(2) provides that "an action may be dismissed at plaintiff's request … by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

Here, the parties fail to cite the rule under which they seek dismissal in each case. It is apparent from the case docket that dismissal under Rule 41(a)(1)(A)(i) is inappropriate because both remaining defendants have filed answers in this case. *See* Docs. 25, 27. Moreover, if they intend to seek dismissal under Rule 41(a)(1)(A)(ii), the stipulations are insufficient as filed. The

first stipulates dismissal of all claims against Fairhope Lodge and is signed by counsel for the plaintiff, Richard Tyler Parker ("Plaintiff"), and Fairhope Lodge. However, the rule requires that any such stipulation be signed by "all parties who have appeared." *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The same is true of the second stipulation, for dismissal of claims against GEICO. It is signed by Plaintiff and GEICO, but not by "all parties who have appeared" in the case. *See id*. Thus, the parties cannot stipulate to dismissal as filed.

Nevertheless, it is clear from the combination of filings that Plaintiff intends to dismiss his claims against each of the remaining defendants with prejudice, with each party bearing their own attorney fees and costs, and thereby dismiss this action. Accordingly, the Court construes the stipulations as motions for dismissal under Rule 41(a)(2) and **GRANTS** both motions to dismiss (Docs. 55, 56). All claims against Fairhope Lodge and GEICO are hereby **DISMISSED WITH PREJUDICE**, with each party to bear their own attorney fees and costs. The Motion for Summary Judgment previously filed by Fairhope Lodge (Doc. 49) is **DENIED AS MOOT**. This case is **DISMISSED**.

The Clerk of the Court is **DIRECTED** to close this case.

**DONE and ORDERED** this 20th day of June 2019.

    /s/ Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES DISTRICT JUDGE